IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMMIEL CORNISH,

    Petitioner,                     No.  2:12-cv-1296 KJN P

    vs.

JIM MACDONALD,

    Respondent.                  ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2008 conviction, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

        The court dismissed petitioner's initial petition due to inconsistencies in the dates contained therein, and failure of petitioner to demonstrate exhaustion of his state court remedies. (See Dkt. No. 3.)  A similar problem besets the amended petition.  While it is clear that petitioner challenged his conviction on direct appeal to the California Court of Appeal, see People v. Cornish (Aug. 11, 2010) 2010 WL 3158609, it is not clear that petitioner complied with the

requirement that he provide the state's highest court, the California Supreme Court, with the opportunity to consider his claims.  Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]"  A petitioner satisfies the exhaustion requirement by providing the state's highest court with a fair opportunity to consider each claim before presenting it to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999).

In his initial petition, petitioner averred, without providing dates, that after the state Court of Appeal affirmed his conviction, he filed a petition for writ of certiorari in the United States Supreme Court; petitioner identified the same case number as his Court of Appeal action, and stated that his conviction was again "affirmed."  (See Dkt. No. 1 at 3.)  In his current amended petition, in response to a query whether petitioner sought further review by a higher state court, petitioner avers that, after the Court of Appeal ruling, he sought review in the "Supreme Court," which "denied" such review;  petitioner makes no reference to a case number or date.[1]  (Moreover, petitioner expressly states that he filed no state court petitions for writ of habeas corpus.)

This court has a duty to screen habeas corpus petitions.  See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes.  Rule 4 requires a district court to examine a habeas corpus petition, and "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."  Id.

Given the patent ambiguity in the amended petition concerning petitioner's

---

[1] "A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court."  Rule 8.500(e)(1), California Rules of Court.

2

exhaustion of his state court remedies, the court will require petitioner to file a copy of the California Supreme Court's denial of review before directing service on respondent. Petitioner will be given sufficient time to obtain a copy of the California Supreme Court's order; petitioner may include a copy of the instant order in submitting his request to the California Supreme Court.

        Accordingly, IT IS HEREBY ORDERED that:

        1. Petitioner's motion to proceed in forma pauperis is granted; and

        2. Petitioner shall, within thirty days after the filing date of this order, file in this court a copy of the California Supreme Court's subject denial of review.[2]

DATED: June 25, 2012

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

corn1296.fb.

---

[2] Petitioner should also submit, if available, a copy of the petition for review he submitted to the California Supreme Court.